# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Nathon Wesley White,

        Petitioner,

v.

State of Minnesota,

        Respondent.

Civ. No. 14-3459 (ADM/BRT)

**REPORT AND RECOMMENDATION**

---

Nathon Wesley White, OID #236911, 924 Willow St. #3, Faribault, MN 55021, *pro se* Petitioner.

Matthew Frank, Esq., and James B. Early, Esq., Minnesota Attorney General's Office; and Meredith A. Erickson, Esq., Rice County Attorney's Office, counsel for Respondent.

---

BECKY R. THORSON, United States Magistrate Judge.

      In September 2014, Minnesota prisoner Nathon Wesley White filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his July 2009 guilty plea to second-degree criminal sexual conduct was "improperly induced" by the state trial court's refusal to grant a continuance so that his appointed counsel could adequately prepare for trial. (Doc. No. 1, Pet. 5–7.) The State opposes White's federal habeas petition on several grounds, including under the doctrine of procedural default. (Doc. No. 9, Answer 11–12.) As explained below, this Court agrees that White has procedurally defaulted his claim for federal habeas relief. This Court further finds that White's challenge to his state-court conviction for second-degree criminal sexual conduct is otherwise barred by the one-year statute of limitations for filing a federal habeas

petition. For these reasons, either one of which is sufficient by itself to preclude habeas relief, this Court recommends that White's § 2254 petition be dismissed with prejudice.

## BACKGROUND

After pleading guilty to second-degree criminal sexual conduct in exchange for the dismissal of more serious first-degree charges, White was sentenced in Minnesota on August 31, 2009, to forty-eight months imprisonment and fifteen years of probation, though his custodial sentence was stayed pending the successful completion of his probationary term. (*See* Doc. No. 10, Resp't Exs. at 15, 18, 31–32 & Attach. 1 at 11, 16–17, 25–26.) The state sentencing court advised White that if he failed to comply with the terms of his probation, including participation in a sexual offender treatment program, it could vacate the stay and execute the forty-eight month prison term. (Doc. No. 10, Attach. 1 at 27.) White did not appeal his conviction or sentence. *See White v. State*, No. A13-0744, 2013 WL 6223569, at *1 (Minn. Ct. App. Dec. 2, 2013).

Despite the sentencing court's warning, White violated the terms of his probation and, in January 2012, his probation was revoked and his previously stayed sentence of imprisonment was executed. (*See* Pet., Attach. 1 at 14; Doc. No. 11, Resp't Exs. at 9–11 & Attach. 1 at 12.) Thereafter, in early December 2012, White filed a state petition for post-conviction relief, seeking to withdraw his July 2009 guilty plea on the ground that it was improperly induced by the trial court's denial of his request for a continuance. *See White*, 2013 WL 6223569, at *1. The state district court denied the petition on the merits, ruling that White's guilty plea had been given voluntarily and, thus, that withdrawal was not necessary to correct a manifest injustice. (Pet., Attach. 1 at 14–15.) In so ruling, the

court found that "the transcript of the guilty plea hearing [did] not substantiate Mr. White's claim that he was forced to choose between unprepared counsel and pleading guilty," that he had significantly benefited from his plea deal with the prosecution, and that he had waited more than three years before challenging the plea's validity. (*Id.*)

The Minnesota Court of Appeals affirmed the denial of White's petition, though it did so on purely procedural grounds. *See White*, 2013 WL 6223569, at *1. Without reaching the merits of White's claim, as the state district court had done, the court of appeals held that White's petition was time-barred under Minnesota's two-year statutory deadline for filing a petition for post-conviction relief, which had expired on August 30, 2001. *Id.*; *see also* Minn. Stat. § 590.01, subd. 4(a)(1) ("No petition for postconviction relief may be filed more than two years after . . . the entry of judgment of conviction or sentence if no direct appeal is filed."). The Minnesota Supreme Court denied further review. (*See* Pet. 3; Doc. No. 11, Attach. 3 at 21–22.) In his present petition for federal habeas relief, White reasserts his claim that his July 2009 guilty plea was improperly induced by the trial court's refusal to grant a continuance. (Pet. 5–7.)

## DISCUSSION

### I. Procedural Default

Under the procedural default doctrine, federal habeas courts are precluded from reviewing the merits of any claims that were rejected in state court "pursuant to an independent and adequate state procedural rule . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental

3

miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007) ("Federal habeas relief may not be granted on a claim that the state appellate court declined to address because the petitioner failed to meet a state procedural requirement constituting an independent and adequate ground.") (quotation omitted). The doctrine applies where the last state court to address a claim rejects it on a state procedural ground that is both firmly established and consistently followed. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002) ("Ordinarily, violation of firmly established and regularly followed state rules . . . will be adequate to foreclose review of a federal claim.") (quotation omitted); *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (explaining that federal review is typically barred where "[t]he last court to render a judgment on the [petitioner's] claim . . . expressly [finds] a procedural default").

Here, the last state court to render a judgment on White's claim—the Minnesota Court of Appeals—explicitly rejected it as time-barred under the two-year statute of limitations imposed by Minn. Stat. § 590.01, subd. 4(a). White does not contend that the limitations period set forth in § 590.01 is not firmly established and regularly followed by Minnesota courts, and this Court is satisfied that it is. *See, e.g.*, *Evans v. State*, No. A14-1402, 2015 WL 4637295, at *3 (Minn. Aug. 5, 2015); *Francis v. State*, 829 N.W.2d 415, 416–17 (Minn. 2013); *Wetsch v. State*, No. A14-1794, 2015 WL 4393422, at *2 (Minn. Ct. App. July 20, 2015); *Shaw v. State*, No. A14-0745, 2014 WL 7344306, at *2 (Minn. Ct. App. Dec. 29, 2014); *see also Lussier v. State*, 821 N.W.2d 581, 586 n.2 (Minn. 2012) (explaining that a defendant seeking to withdraw his guilty plea after sentencing must

4

raise the issue in a petition for post-conviction relief and comply with the time limits governing such petitions). White's claim is therefore procedurally defaulted and exempt from federal review unless he can establish either cause and prejudice or a fundamental miscarriage of justice. White, however, has not invoked either exception to the procedural default doctrine, nor could he do so successfully.

Cause for a procedural default refers to "some objective factor external" to the petitioner, "something that cannot fairly be attributed to him," which "impeded [his] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quotation omitted). There is nothing to suggest that White was prevented from challenging his guilty plea within the two-year deadline imposed by Minnesota law. The fact that White may have lacked the incentive to do so until his probation was revoked and his original prison sentence was executed cannot fairly be characterized as an external cause that impeded his ability to comply with state procedural rules. Moreover, in order to successfully invoke the fundamental-miscarriage-of-justice exception, a petitioner must make a colorable showing, through new and reliable evidence, that he is factually innocent of the crime for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 321–24 (1995); *Anderson v. United States*, 25 F.3d 704, 706–07 (8th Cir. 1994). White has not alleged that he is actually innocent of the offense to which he pleaded guilty, let alone presented new and reliable evidence of such innocence. Because White has

procedurally defaulted his challenge to his underlying guilty plea, this Court cannot consider the merits of his claim.[1]

## II. Statute of Limitations

Aside from White's procedural default, this Court further finds that his claim is barred by the applicable federal statute of limitations. Although the State has not asserted a statute-of-limitations defense, courts may raise timeliness issues on their own accord, provided that the petitioner is given notice and an opportunity to respond before dismissal on that basis. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006) (holding that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but that they "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed on that basis). This Report and Recommendation, coupled with White's ability to object to its contents and

---

[1] Although the State invokes the procedural default doctrine, its primary argument is that the Minnesota Court of Appeals' decision is entitled to deference under 28 U.S.C. § 2254(d) because Minnesota's two-year deadline for filing a state post-conviction petition "is not contrary to federal law, but is instead consistent with . . . [the] 1-year statute of limitations for federal habeas corpus claims." (Answer 7–10.) That argument misunderstands the nature of § 2254(d). Section 2254(d) mandates that, when the last state court to consider a constitutional claim "adjudicate[s] [it] *on the merits*," a federal court may not grant habeas relief unless that merits-based decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," which generally refers to the relevant constitutional principles set forth in Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1) (emphasis added); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Worthington v. Roper*, 631 F.3d 487, 495–97 (8th Cir. 2011). The last reasoned state court decision addressing White's claim—the decision of the Minnesota Courts of Appeals—did not reject it on the merits, but rather, for failure to comply with the relevant state statute of limitations. Section 2254(d) is therefore inapplicable. *See Taylor v. Bowersox*, 329 F.3d 963, 968 (8th Cir. 2003) ("[T]he state court did not adjudicate Taylor's claims on their merits and, therefore, section 2254(d) does not apply.").

6

conclusions, provides the requisite notice and opportunity to respond. *See Wogoman v. Abramajtys*, 243 F. App'x 885, 890 n.1 (6th Cir. 2007); *Mitchell v. Director, TDCJ-CID*, No. 1:10CV600, 2010 WL 5330495, at *1 (E.D. Tex. Dec. 20, 2010).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year deadline for challenging a state criminal judgment in a federal habeas petition, which typically begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). Because White did not file a direct appeal after his sentence was imposed on August 31, 2009, his conviction and sentence became final on November 29, 2009, upon expiration of the ninety-day deadline for seeking such review. *See Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653–55 (2012) (explaining that a criminal judgment becomes final "when the time for pursuing direct review in this Court, or in state court, expires" and that courts must "look to state-court filing deadlines when petitioners forgo state-court appeals"); Minn. R. Crim. P. 28.02, subd. 4(3)(a) ("In felony and gross

---

[2]  AEDPA includes three other potential triggering dates: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; and (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)–(D). None of those dates are relevant here, as White's challenge to his July 2009 guilty plea does not rely on any newly recognized constitutional rights or newly discovered facts, and there is nothing to suggest that he was prevented from filing earlier due to an unlawful state-created impediment.

7

misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed.").

White therefore had until November 29, 2010, to file his federal habeas petition or a state post-conviction motion sufficient to toll AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). He did neither. While he did file a state post-conviction petition in December 2012, that petition could not toll the federal limitations period because it had already expired two years earlier.[3] *See, e.g.*, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.") (quotation omitted).

Additionally, the revocation of White's probation in January 2012, which resulted in the execution of his previously stayed prison sentence, did not reset the federal

---

[3]  White's state petition would also not toll the AEDPA period because it was found to be untimely under state law and, as such, was not "properly filed" within the meaning of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005); *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010).

deadline for challenging his underlying conviction and sentence, both of which had become final long before the revocation. *See Bachman v. Bagley*, 487 F.3d 979, 983–85 (6th Cir. 2007) (holding that a petitioner's designation as a sexual predator did not restart the limitations period for challenging his underlying conviction, and explaining that "challenges to the underlying conviction and sentence must be made within one year of the conclusion of direct review of the original sentencing decision"); *Alfiero v. Warren*, No. 2:07-CV-14653, 2011 WL 4595806, at *1 (E.D. Mich. Oct. 4, 2011) ("For claims addressing the original conviction after the revocation [of] parole, the one-year statute of limitations begins to run when direct review of the original sentence ends, not from the date of the revocation of probation."). While it is true that a criminal judgment includes both the conviction and sentence, *see Magwood v. Patterson*, 561 U.S. 320, 352 (2010), the revocation of White's probation and the execution of his previously stayed sentence did not disturb or alter his original conviction or sentence; neither the conviction nor sentence were vacated or modified by a resentencing judgment. Thus, the events that transpired in January 2012 did not restart the federal limitations period for White to challenge his original conviction in a § 2254 petition.

Finally, although the federal limitations period is subject to equitable tolling in appropriate circumstances, White has neither alleged nor demonstrated "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Indeed, the fact that White waited more than three years before asserting any challenge to his guilty plea belies any claim of diligence, and there is

nothing in the record to suggest that some extraordinary circumstance prevented White from raising such a challenge earlier.

## CONCLUSION

In sum, this Court finds that White's challenge to his July 2009 guilty plea to second-degree criminal sexual conduct is both procedurally defaulted and barred by the one-year deadline for seeking federal habeas relief. This Court therefore recommends that his § 2254 petition be dismissed with prejudice. Moreover, as reasonable jurists could not debate whether White's claim is subject to dismissal under the procedural default doctrine, the federal statute of limitations, or both, this Court further recommends that no certificate of appealability be granted. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that where a habeas petition is denied on procedural grounds, a certificate of appealability is not warranted unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Nathon Wesley White's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) be **DISMISSED WITH PREJUDICE**; and

2. No certificate of appealability be granted in this matter.

Date: August 18, 2015

                                            *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **September 4, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).